WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Resort Corporation,<br><br>            Plaintiff,<br><br>v.<br><br>Drive-Yourself Tours, Inc.<br><br>            Defendant. | NO. :  CV-05-03469-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. No. 18) and Plaintiff's Motion for Default Judgment (Doc. Nos. 7, 12).  After considering the arguments in Defendant's Motion to Set Aside Clerk's Entry of Default, the Plaintiff's Response (Doc. No. 19), and Defendant's Reply (Doc. No. 20), the Court issues the following Order.

### I. Background

For the purposes of this Order the Court will focus on the facts relevant to Defendant's Motion to Set Aside Clerk's Entry of Default (Doc No. 18)**.**

Plaintiff, Grand Canyon Resort Corporation (doing business as Grand Canyon West), is a tribally chartered corporation run by the Hualapai Nation of Arizona. (Doc. No. 19, Ex.

A5.) Plaintiff brought a trademark infringement suit against Defendant, Drive-Yourself Tours, Inc. ("Drive-Yourself"). (Id. at 9.) Plaintiff provides tours of the western area of the Grand Canyon, services related to the tours, and is developing the area as a tourist destination under the service mark "Grand Canyon West." Drive-Yourself is a registered Nevada corporation (Id., Ex. A). Drive-Yourself is not registered with the Arizona Corporation Commission and has not designated a statutory agent in Arizona. (Id. at 6.) Drive-Yourself offers tours of the Grand Canyon and has several internet addresses to promote its tours, including "www.grandcanyonwest.com." (Doc. No. 18 at 2.)

Plaintiff's Complaint alleges that Defendant's use of the name "Grand Canyon West" and the domain name "www.grandcanyonwest.com" infringes on Plaintiff's business relating to the destination Grand Canyon West. (Doc. No. 18 at 2.) Plaintiff filed a trademark application with the United States Patent and Trademark Office for the mark "Grand Canyon West" in January 2003 and has been using the term since 1988. (Doc. No. 19, Ex. A5.) Defendant registered the domain name "www.grandcanyonwest.com" in March of 1998. (Id.)

Plaintiff claims it sent Defendant a demand letter via postal mail before filing its Complaint on October 28, 2005. (Id., Ex. A4, A5.) Plaintiff also claims it sent a second demand letter with a copy of the filed Complaint via fax and mail on October 28, 2005. (Id., Ex. A) All three documents were sent to the business/resident agent's address or fax number that is registered with the Nevada Secretary of State and appearing on Defendant's websites. (Id.) Barbara King is listed as Defendant's administrative contact on its website and its resident agent with the Nevada Secretary of State. (Id.) Defendant denies receiving any of the letters. (Doc. No. 18, Ex. 1.)

In November of 2005, Plaintiff sent the Complaint and summons to a Las Vegas process server to be served on Defendant's business/resident agent's address in Nevada. (Doc. No. 19, Ex. A.) The business/resident agent address listed by Defendant is a UPS

Store.  (Doc. No. 18 at 2; Doc. No. 19, Ex. A)  On November 18, 2005 the process server entered the UPS store and asked the clerk on duty, Bonnie Neisius, whether Barbara King or Drive-Yourself maintained a P.O. Box at the store.  (Doc. No. 19, Ex. A7.)  Neisius refused to disclose information about the store's customers and she also refused to willingly accept service.  (Id., Ex. A, A7.)  The process server placed the documents on the counter and told Neisius that they were for King.  (Id., Ex. A7.)  After the process server left, Neisius placed a call to Barbara King.  (Doc. No. 18, Ex. 3.)  Neisius cannot remember the content of the phone conversation she had with King or what happened to the papers left with her by the process server.  (Id.)  Defendant denies receiving the summons and Complaint.  (Id., Ex. 1.)  Neisius is over twenty-one; she is an employee of UPS and is not an expressly authorized agent of Defendant.  (Id., Ex. 3.)

On December 9, 2005, Plaintiff's counsel received the process server's declaration of service indicating service on a "Bonnie Doe."  (Doc. No. 19, Ex. A.)  On December 13, 2005, Plaintiff filed a motion for default judgment.  (Doc. No. 7.)  The Clerk of the Court filed an entry of default against Defendant on February 1, 2006.  (Doc. No. 11.)  On February 27, 2006 Plaintiff filed a second motion for default judgement  (Doc. No. 12.)  Defendant contacted the court via an ex-parte electronic communication to the chambers of this Court on March 20, 2006.  (Doc. No. 14 at 2.)  On the same day, the Court rejected the improper communication and ordered a hearing on judgment for default.  (Id.)  The hearing is currently set for June 26, 2006.  (Doc. No. 17.)  On May 8, 2006, Defendant moved to set aside the Clerk's entry of default (Doc. No. 18), or, in the alternative to dismiss.  Therefore currently pending before the Court are Defendant's Motion to Set Aside the Entry of Default (Doc. No. 18) and Plaintiff's Motions for Default Judgment (Doc. Nos. 7, 12).

## II. Defendant's Motion to Set Aside Clerk's Entry
## of Default, or in the Alternative to Dismiss

Defendant moves this Court (Doc. No. 18) to set aside the Clerk's entry of default because Defendant can make a showing of "good cause" pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Alternatively, Defendant moves to dismiss this motion under Fed. R. Civ. P. 12(b)(2) and Rule 12(b)(5) argues that this Court lacks personal jurisdiction over Defendant due to defective service. (Doc. No. 18.) The Court will address each argument in turn, beginning first with the motion to dismiss.

### A. Standard of Review:  Motion to Dismiss

Rule 4 of the Federal Rules of Civil Procedure establishes the requisite method of service of process upon defendants. FED. R. CIV. P. 4. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). When service of process is challenged, a plaintiff bears the burden of showing that the court's personal jurisdiction is properly exercised. See Hirsh v. Blue Cross Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986); 4A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure §1083 (updated 2006); see, e.g., Grand Entm't Group, Ltd. v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

By moving to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(5), Defendant argues that the Clerk's entry of default is void. "[S]ince service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been met." Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987). Thus, if service was defective or insufficient in this case, the Clerk's entry of default is void due to this Court's lack of personal jurisdiction over Defendant. Veeck v. Commodity Enters., 487 F.2d 423, 425-26

(9th Cir. 1973) (reversing district court's denial of motion to set aside default judgment and quash service of process because service of process was ineffective and citing Rule 55(c) in so doing); see Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."); see also Direct Mail, 840 F.2d at 688.[1]  The Court therefore considers whether service of process was effective.

The Court notes as an initial matter that because personal jurisdiction and valid service of process are "jurisdictional," they cannot be waived if the defendant has not appeared within the answer period because the court has no power over the defendant. Because Defendant did not appear within the answer period, the Court finds that Defendant has not waived the right to challenge sufficiency of service and that Defendant's challenge was timely.

**B. Discussion**

A plaintiff must serve the defendant with a copy of summons and complaint within 120 days of filing a complaint. FED. R. CIV. P. 4.  Rule 4 of the Federal Rules of Civil Procedure contains detailed provisions as to the manner in which service should occur, and plaintiffs may utilize the service of process rules that apply in the state in which the federal district court is located or, if service is effected in another state, the rules of that state. FED. R. CIV. P. 4(e)(1).  Therefore, service of process should be upheld if it conforms to either federal or applicable state service of process rules.

Accordingly, the Court evaluates the merits of the Motion to Set Aside the Clerk's Entry of Default filed by Defendant by examining the sufficiency of Plaintiff's service of process on Defendant under: (a) the Federal Rules of Civil Procedure; (b) Arizona law, as

---

[1] Although no judgment has been entered against Drive-Yourself, the principles of jurisdiction that apply to default judgments logically apply to cases involving the Clerk's entry of default, which must occur prior to default judgment.

this Court is located in Arizona; and (c) Nevada law, because service was effected in Nevada.

*a. Federal Rules of Civil Procedure*

Under Rule 4 of the Federal Rules of Civil Procedure, a business entity can be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1). Whether a person is an agent for service of process is determined by federal, rather than, state standards. See Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964). Since neither party contends that Neisius was an officer or managing/general agent of Drive-Yourself, and it is clear that these designations do not apply, the Court will focus its analysis on Plaintiff's argument that Neisius was acting as an agent authorized by appointment.

In the Ninth Circuit, the requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it. See Direct Mail, 840 F.2d at 688-89; Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994); United Food and Commercial Worker's Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Thus, an appointed agent's authority need not be express; it can also be implied. Direct Mail, 840 F.2d at 685. Implied authority may be sufficient where an individual is not an employee but is "so integrated with the organization that he will know what to do with the papers . . . so as to render it fair, reasonable and just to imply authority on his part to receive service," and as long as the party receives sufficient notice of the complaint. See id. at 866 (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office); Chan, 39 F.3d at 1404 (holding that service on president of a company in his individual, but not his official, capacity was effective to render service on the corporation).

The Court finds that Neisius is not an agent authorized by appointment or law within the meaning of Rule 4(h)(1). Plaintiff contends that Neisius was an agent authorized by appointment because she is obligated by contract and law to convey mail deliveries to Drive-Yourself and was present at the address Drive-Yourself listed as the address of its business/resident agent on its Nevada Secretary of State filing. (Doc. No. 19 at 4). The Court disagrees. First, personal service of process is not mail and Neisius was under no obligation to accept it on behalf on Defendant. Second, Neisius's presence at Defendant's designated business address does not make service proper; she was not an expressly appointed agent (Doc. No. 20, Ex.1), and a UPS store clerk cannot fairly be described as being "so integrated" with Drive-Yourself to render it reasonable to imply that she had the authority to receive service on behalf of the company. Unlike in <u>Direct Mail</u>, where it was much clearer that a receptionist employed by another corporation which shared office space with the defendant corporation would know what to do with the papers, it was unreasonable for the process server to assume a relationship between Neisius and Drive-Yourself. UPS stores frequently rent P.O. Boxes to companies they are not affiliated with, and Neisius refused to accept service. (Doc. No. 19, Ex. A-7.) By refusing to accept service, Neisius made clear that she was not "demonstrating apparent authority" to accept service. <u>See</u> <u>Direct Mail</u>, 840 F.2d at 688-89 (internal citation omitted). Third, the Court finds that facts of this case are distinguishable from <u>Chan</u>. In <u>Chan</u>, the recipient of service of process was an employee of the company and the defect in service amounted to a mere technicality – the recipient was served in his personal rather than official capacity. <u>Chan</u>, 39 F.3d at 1404. Neisius, however, is not an employee of Defendant and no change in the form of the summons could correct the fact that she was not authorized to receive it. Further, the Court notes that unlike both <u>Chan</u> and <u>Direct Mail</u>, Defendant in this case disavows any knowledge of service. <u>See</u> <u>Chan</u>, 39 F.3d at 1404; <u>Direct Mail</u>, 840 F.2d at 685. Thus, the Court finds that Neisius is not an agent authorized by appointment or law within the meaning of Rule

4(h)(1).

The Court now turns to Plaintiff's argument that the requirements of Rule 4 should be liberally construed to uphold service because Drive-Yourself received sufficient notice of the Complaint. (Doc. No. 19 at 2). The Ninth Circuit has relaxed the requirements of Rule 4(h) when defendants received actual knowledge of the litigation pending against them in spite of defects in service. See Chan, 39 F.3d at 1404; United Food, 736 F.2d at 1382 (reasoning that defendant's appearance in action negated any technical defect in service). Plaintiff asserts that the phone call placed by Neisius to Barbara King, the mailed demand letter, and the faxed and mailed copy of the demand letter and Complaint provided sufficient notice to Defendant. However, the Court does not agree that these measures provided sufficient notice to Defendant. First, Neisius cannot recall what she told King during the phone conversation. (Doc. No. 18, Ex. 3.) It is therefore unknown what was discussed during the call. Second, Plaintiff has produced no evidence showing that the letters it sent were received by King. Third, that the fax machine used by Plaintiff showed the faxed message had been received is not sufficient to show Defendant actually received the fax. The burden of proving that Defendant received actual notice of the suit is on Plaintiff. See Straub v. AP Green, Inc., 38 F.3d 448, 454 (9th Cir. 1994). Thus, in the absence of a showing that Defendant had actual notice of the complaint, the Court is unwilling to relax the requirements of Rule 4(h). Since the purpose of the Rule 4(h) requirements is to give notice of the pending litigation to a defendant, relaxing the requirements in situation like this one, where it is not clear that Defendant received notice, would undermine the very purpose of the Rule 4(h) requirements. Therefore, the Court agrees with Defendant that service under federal law was ineffective.

*b. Arizona Law*

Arizona law governing the service of corporations is based on the Federal Rules of Civil Procedure. Ariz. R. Civ. P. 4.2(h) deals with service upon domestic corporations

1 located outside of the state and authorizes service to be made to persons specified in Ariz.
2 R. Civ. P. Rule 4.1(k). Service upon a domestic corporation shall be effected by serving
3 process to "a partner, an officer, a managing or general agent, or to any other agent
4 authorized by appointment or by law to receive service of process...". ARIZ. R. CIV. P. 4.1(k).
5 Unlike the Federal Rules, however, Arizona's Court of Appeals interpreted the phrase "agent
6 authorized by law to receive service of process" as broad enough to encompass service on
7 an "ostensible" agent, or an agent that the principal knowingly or negligently held out as
8 possessing the authority to receive service or process. Koven v. Saberdyne Sys., Inc., 625
9 P.2d 907, 911 (Ariz. Ct. App. 1980). In cases where an ostensible agent is served, the
10 principal is estopped from denying the authority of the agent. Id. at 911-912. When
11 considering whether an agent has ostensible authority, "emphasis shifts to the third party's
12 reliance on the acts of the principal and agent as opposed to any express or implied grant by
13 the principal." Id. at 911. Thus, when establishing ostensible authority the record must
14 reflect: 1) that the alleged principal held out the agent as having authority and 2) that, given
15 the facts, reliance on the manifestation of authority was reasonable. Id.

16 In Koven, the court found that when the defendant corporation incorrectly listed a
17 former employee as a current officer and the former employee was served with process, the
18 plaintiff's reliance on the representation that the officer was an authorized agent was
19 reasonable. Id. The defendant corporation was therefore estopped from denying that the
20 employee was an authorized agent. Id. In so finding, the Koven court reasoned that the
21 former employee was an ostensible agent despite the fact that the listing the plaintiff relied
22 on was three years old (no new listings were available). Id. at 913.

23 Here, the Court concludes Defendant did not knowingly represent that Neisius was an
24 authorized agent of Defendant. The Court finds that the facts of this case are distinguishable
25 from Koven. First, the agent in Koven was actually listed as an employee and thus was more
26 clearly held out as an agent authorized to receive service than Neisius whose only affiliation

with Defendant was physical presence at the company's business address. Second, considering that UPS stores frequently rent out P.O. boxes to companies and individuals with whom they have no association, the Court cannot conclude that Defendant endorsed employees of the store as ostensible agents by listing the UPS Store as a business address. Unlike the attenuated connection between Defendant and Neisius, the Koven defendant listed the individual served as an officer of the corporation, and company officers are specifically listed as eligible recipients of service of process under Ariz. R. Civ. P. 4.1(k). Therefore, the Koven defendant could more clearly have anticipated that their listing would be taken as evidence that the individual was an agent of the company. Thus, the Court finds that Defendant did not knowingly represent that Neisius was authorized to receive service on its behalf.

While Defendant may have negligently held out Neisius as its authorized agent to receive service of process, the Court finds that Plaintiff's reliance on Drive-Yourself's representations was unreasonable. Arizona courts have only allowed service on an ostensible agent where reliance on a defendant's representations about an individual's apparent authority was reasonable. See Koven, 625 P.2d at 913. Here, the Court finds that any representations by Defendant regarding Neisius' authority to accept service did not rise to the level necessary to make reliance on them reasonable. Unlike the process recipient in Koven, Neisius is not a listed officer or employee of Defendant. Neisius' only connection with Defendant was her physical presence at the company's business address. Thus, the process server's assumption that she was an authorized agent of Defendant depended solely on her presence at the business address. The Court finds this assumption unreasonable for several reasons. First, Neisius refused to accept service, thereby making it clear that she was not demonstrating apparent authority to accept service. Second, as noted earlier, UPS stores frequently rent out P.O. boxes to companies and individuals with whom they have no association. It is evident to the Court that when the process server asked Neisius if Barbara King or Drive-Yourself

still maintained a P.O. Box at the store, he understood that the UPS store was a separate entity from King and Drive-Yourself and that Drive-Yourself was a customer of the UPS store. It is unreasonable to assume that a clerk who works for a corporation distinct from Defendant is an authorized agent of Defendant because her employer rents a P.O. Box to Defendant. Thus, Plaintiff's reliance on Defendant's representations of Neisius' authority to receive service was unreasonable, and Neisius was not an ostensible agent of Defendant. Accordingly, the Court finds that service under Arizona law was ineffective.

*c. Nevada Law*

Like Arizona law, Nevada law states that every corporation shall file with the Secretary of State a certificate of acceptance of appointment signed by its resident agent. The certificate must set forth the full name and street address of the resident agent. NEV. REV. STAT. § 14.020. "All legal process ...to be served upon the corporation...may be served upon the resident agent personally or by leaving a true copy thereof with a person of suitable age and discretion at the address of the registered office shown on the current certificate of acceptance filed with the Secretary of State." NEV. REV. STAT. § 14.020(2). If the registered office is not the home residence of the resident agent, the corporation the listed office must be staffed by the resident agent or one or more persons who are: 1) "of suitable age and discretion to receive service of legal process" and 2) are authorized by the resident agent to receive service of legal process." NEV. REV. STAT. § 14.020(3)(b)(2).

Plaintiff argues that because Neisius is a person of suitable age and was the listed business/resident agent's address with the Nevada Secretary of State, service of Neisius was proper under Nevada law. However, Nevada law requires that the individual receiving process be of suitable age and discretion and be authorized by the resident agent to receive service. NEV. REV. STAT. § 14.020(3)(b)(2). As noted above, Neisius was not an authorized agent of the company. (Doc. No. 20, Ex. 1). The Court finds that while Drive-Yourself's non-compliance with Nevada law may subject it to a fine, it does not negate the requirements

-11-

of the Nevada rule governing service of process.

C. **Conclusion as to Motion to Dismiss**

Because Plaintiff's service of process on Drive-Yourself was ineffective under the Federal Rules of Civil Procedure, Arizona law, and Nevada law, the Court lacked jurisdiction to enter default against Drive-Yourself. Thus, the Clerk's entry of default against Defendant is void and the Court will grant Defendant's Motion to Set Aside Entry of Default.

When a court finds service to be insufficient, it may either dismiss the action without prejudice or retain the case but quash the service of process. Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985); Cranford v. U.S., 359 F. Supp.2d 981, 984 (E.D. Cal. 2005). If it appears that proper service may be effected, quashing service is preferred. Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992). However, when a plaintiff fails to properly serve a defendant within 120 days of filing the complaint, the Court "shall dismiss the action without prejudice or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). Here, the Complaint was filed on October 28, 2005, and Defendant has not yet been served. Therefore, due to the lack of effective, timely service of process, the Court will dismiss this action without prejudice. Because the entry of default is void, Plaintiff's motions for default judgment are moot. The Court will accordingly vacate the hearing on default judgment currently set for June 26, 2006.

Last, the Court notes Defendant's request for attorneys' fees and costs associated with filing this motion. Defendant cites no legal basis for its request, however. The Court declines to award attorneys' fees.

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Judgment

-12-

Case 3:05-cv-03469-SMM   Document 21   Filed 06/22/06   Page 13 of 13

1  (Doc. No. 18) is GRANTED.  The Clerk's Entry of Default (Doc. No. 11) is VACATED.
2  This case is hereby DISMISSED WITHOUT PREJUDICE.
3       **IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgment (Doc.
4  Nos. 7,12) are DENIED.
5       **IT IS FURTHER ORDERED** that the hearing on motion for default judgment,
6  currently scheduled for June 26, 2006 at 2:00 p.m., is hereby VACATED.

        DATED this 22nd day of June, 2006.

                              _____
                              Stephen M. McNamee
                              United States District Judge

-13-